CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAR 0 5 2010

JOHN F. CORCORAN, CLERK
BY: /s/
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| MICHAEL L. MORRIS, | ) |
|     Plaintiff, | ) Civil Action No. 7:08CV630 |
| | ) |
| v. | ) **MEMORANDUM OPINION** |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social Security, | ) Hon. James C. Turk |
|     Defendant. | ) Senior United States District Judge |

This case was referred to the Honorable Michael F. Urbanski, United States Magistrate Judge, to submit a report setting forth appropriate findings of fact, conclusions of law, and a recommended disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). The Magistrate Judge filed his Report and Recommendation ("R&R") on February 10, 2010, recommending that this Court enter an order affirming the Commissioner of Social Security's ("Commissioner") decision denying Plaintiff Michael L. Morris's claim for disability insurance benefits ("DIB") and supplemental security income ("SSI") benefits under the Social Security Act (the "Act"), and grant the Commissioner's motion for summary judgment.

Morris timely filed objections to the Report and Recommendation on February 23, 2010. The Court, therefore, must undertake a *de novo* review of those findings of fact and recommendations for disposition to which Morris has objected. United States v. Raddatz, 447 U.S. 667, 675 (1980); Wimmer v. Cook, 774 F.2d 68, 73 (4th Cir. 1985). After a thorough examination of Morris's objections and the documented record, as well as a measured consideration of the applicable law, the Court **ADOPTS** the Magistrate Judge's R&R, **GRANTS** the Commissioner's motion for summary judgment, and **DENIES** Morris's motion for summary judgment.

1

## I. Procedural History

Morris began receiving benefits on March 1, 2007. After three months, however, Morris was notified that his claims for both DIB and SSI had been denied. R. 32. His claims were denied again upon reconsideration. R. 64-66. An administrative hearing was convened before an Administrative Law Judge ("ALJ") on March 5, 2008.

On March 24, 2008, the ALJ issued his decision, finding that Morris was not disabled.[1] In reaching this conclusion, the ALJ followed the framework of the five-step sequential evaluation process used by the Commissioner. See 20 C.F.R. § 416.920. This inquiry asks whether the claimant (1) is working; (2) has a severe impairment; (3) has an impairment that meets or equals the requirements of a listed impairment; (4) has the residual functional capacity[2] ("RFC") to return to his or her past relevant work; and (5) has the RFC necessary to perform other work.[3] See id. The ALJ concluded that Morris suffered from several severe impairments, including hepatitis C, hepatitis B, sensitive staphylococcus aureus pneumonia, and degenerative disc disease. R. 13. Although these impairments prevented him from performing his past relevant work, the ALJ concluded that Morris still had the RFC to perform light work. R. 18. The ALJ found there to be a significant number of jobs in the national economy that he could perform, given his current RFC. R. 19. For these reasons, the ALJ found that Morris was not disabled at any point from his alleged onset date through the date of decision. R. 20. The Appeals Council denied Morris's request for review, making the ALJ's decision the final decision of the Commissioner. R. 1-4.

---

[1] "Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

[2] RFC is a measurement of the most a claimant can do despite her limitations, considering the claimant's age, education, work experience, and impairments. See 20 C.F.R. § 416.945(a).

[3] If the claimant is found to be "disabled" or "not disabled" at any point in the five-step process, the inquiry ends there. 20 C.F.R. § 416.920(a)(4).

2

In his R&R, the Magistrate Judge concluded that substantial evidence supported the ALJ's determination that Morris's reports of pain were not disabling. R&R, Pg. 5-8. More specifically, the Magistrate Judge agreed with the ALJ that there were insufficient objective findings to support the degree of pain that Morris alleged. The Magistrate Judge noted several aspects of the record which called into question Morris's credibility, mainly inconsistencies in his reports of medical issues, discrepancies between his actions and reported symptoms, and a lack of corresponding documentation for severe medical problems that Morris reported. The Magistrate Judge also agreed with the ALJ's determination that Morris's mental impairments were nothing more than a minimal limitation. Specifically, the Magistrate Judge rejected Morris's contention that the ALJ should have developed the record more thoroughly by requiring a consultative psychological evaluation. The Magistrate Judge concluded, just as the ALJ had, that the record was so bereft of evidence of mental impairment that there was no need for further evaluation. For these reasons, the Magistrate Judge recommended that this Court affirm the Commissioner's decision denying Morris's claim for SSI and DBI benefits.

Morris objected to the Magistrates Judge's R&R and asserted that the Magistrate's conclusion that substantial evidence existed to support the Commissioner's final decision was in error. Specifically, Morris claimed that the ALJ "failed to properly consider the plaintiff's medically psychological impairments...[and] claimant's mental impairments" and, correspondingly, improperly refused to refer the plaintiff for a consultative psychological exam. Pl.'s Obj. ¶¶ 2, 3. Morris also objected by claiming that the R&R relied upon an incorrect standard in "evaluating the ALJ's decision regarding the plaintiff's complaints of pain." Id. at ¶ 4. For these reasons, Morris requested that this Court reject the Magistrate Judge's recommendations and instead enter summary judgment for Morris.

## II. De Novo Review of Morris's Claims

Morris's timely objections to the R&R obligate this Court to undertake a *de novo* review of those portions of the R&R to which objection was made. See 8 U.S.C. § 636(b)(1); Orpiano v. Johnson, 687 F.2d 44, 48 (4th Cir. 1982). Although this Court engages in a *de novo* review of the challenged factual findings and conclusions of law of the Magistrate Judge, this does not entail a *de novo* review of the ALJ's underlying decision. Delgado v. Bowen, 782 F.2d 79, 82 (7th Cir. 1986). Instead, judicial review of the Commissioner's final decision regarding disability benefits under the Act is still limited to determining whether the ALJ's findings "are supported by substantial evidence and whether the correct law was applied." Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990) (citing 42 U.S.C. § 405(g)). Accordingly, a reviewing court may not substitute its judgment for that of the ALJ, but instead must defer to the ALJ's determinations if they are supported by substantial evidence. Id. "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Substantial evidence is not a "large or considerable amount of evidence," Pierce v. Underwood, 487 U.S. 552, 565 (1988), but it is "more than a mere scintilla of evidence [though] somewhat less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966). If the Commissioner's decision is supported by substantial evidence it must be affirmed. Hays, 907 F.2d at 1456; 42 U.S.C. § 405(g).

### A. Substantial Evidence Supports the ALJ's Evaluation of Morris's Pain

The Court's review of the record reveals that substantial evidence amply supports the ALJ's determination that the pain Morris alleges is not totally disabling. Importantly, the ALJ did not conclude that Morris was not suffering from any pain; instead, the ALJ concluded that

the "claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible." R. 19. Hence, the ALJ determined that whatever pain Morris suffered, it was not incompatible with his RFC allowing for light work.

Credibility determinations are the in the province of the ALJ, and courts normally ought not to interfere with those determinations. See Hatcher v. Sec'y of Health & Human Servs., 898 F.2d 21 (4th Cir. 1989). Here the ALJ's determination of credibility is supported by the existence of a plethora of inconsistencies throughout the record.[4] And it was entirely appropriate for the ALJ to consider the entire record in evaluating credibility:

> Under the regulations, this evaluation must take into account not only the claimant's statements about her pain, but also "all the available evidence," including the claimant's medical history, medical signs, and laboratory findings... any objective medical evidence of pain...and any other evidence relevant to the severity of the impairment, such as evidence of the claimant's daily activities [and] specific descriptions of the pain.

Craig v. Chater, 76 F.3d 585, 595 (4th Cir. 1996) (citations omitted). Hines v. Barnhart, 453 F.3d 559 (4th Cir. 2006), is not to the contrary and has not overruled Craig. In Hines, the Fourth Circuit found that ALJ was in error not because it followed Craig but because "the ALJ required objective evidence that Mr. Hines' pain was so intense as to prevent him from working an eight hour day." Id. at 563-64. In the instant case, however, the ALJ did not require objective evidence of a specific level of pain, and instead correctly described the proper analysis as "evaluating the intensity, persistence, and limiting effects of the claimant's symptoms...[and] whenever statements about the intensity, persistence, and functionally limiting effects are not substantiated by objective medical evidence, ...mak[ing] a finding on credibility...based on a

---

[4] "Morris complained of back and shoulder pain, but...medical records indicate that during the period of Morris' claimed disability he was mowing the lawn, chopping firewood, [and] hunting year round." R&R, Pg. 10 (citations omitted). "He claims to have had a previous back surgery...there is no medical evidence of any surgery." R&R, Pg. 11. "Morris also reported to his doctors that he fractured his clavicle in a motor vehicle accident...and that he broke his shoulder playing softball...neither injury is documented in the medical records." Id. "There is no medical evidence to document his claim that he was ever in the hospital for three months, that he was ever in a coma, or that his spine ever came through his body." R&R, Pg. 12.

5

consideration of the entire case record." R. 18. This two-step process of evaluating pain is precisely that which is outlined in the regulations. See 20 C.F.R. §§ 404.1529(b)-(c). Contrary to Plaintiff's belief, this two-step process does not require the ALJ to defer blindly to Plaintiff's testimony about the level of impairment caused by his pain once Plaintiff has established objective evidence of an underlying medical impairment. Cf. Pl.'s Obj. Pg. 5. In fact, even the Hines Court expressly relied on Craig in reiterating that a claimant's allegations "need not be accepted to the extent they are inconsistent with the available evidence." Hines, 453 F.3d at 565 n.3. Here, the ALJ found that the claimant's allegations of the significance of his pain were inconsistent with the evidence in the record, including the testimony of his treating physician, Dr. Covington, who opined that Morris would be capable of light work.[5] Specifically, the ALJ found that Morris's "statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the residual functional capacity assessment." R. 19. His RFC assessment suggested he could perform light work, and there is substantial evidence that calls into question the contrary assertions that his pain was entirely disabling: he was able to live in the woods, farm, hunt, chop firewood, mow his lawn, and work as a carpenter at different times during his alleged disability. R. 176-77, 204, 214, 277, 312, 315-16, 384. The Court finds no reason to disturb the ALJ's credibility assessment, as it was well supported by substantial evidence in the record, and, accordingly, the Court affirms the Commissioner's decision.

---

[5] Hines is further distinguished because the treating physician in Hines testified that the level of pain suffered by Mr. Hines not only prevented him from working, but was exacerbated by working. Hines, 453 F.3d at 565 n.4. Additionally, Mr. Hines had already objectively demonstrated that he suffered from Sickle Cell Disease, a disease *characterized* by the fact its victims are afflicted with episodes of acute pain, without any objective medical evidence to demonstrate the level of suffering. Thus the Hines Court's evaluation of the treating physician's testimony was further informed by the consistency of his opinion with this diagnosis. See Id. at 560-61.

## B. Substantial Evidence Supports ALJ's Decision Not To Seek Examination

Morris also objects that the ALJ erred by failing to refer Morris to a consultative psychological examination to more fully develop evidence of the plaintiff's psychological impairments. Morris argues that evidence concerning his psychological and mental impairments was inadequate, thereby requiring a consultative psychological examination. Pl.'s Obj. Pg. 1. Simultaneously, and in contradiction to his first argument, Morris also argues that "it is clear from the record that the plaintiff suffers from severe mental impairments that have not been fully evaluated." Pl.'s Obj. Pg. 2. He mischaracterizes the record and misunderstands the ALJ's decision. The evidence concerning his psychological impairments was not "inadequate," *i.e.*, not sufficiently developed to serve as the basis for a decision; it was "inadequate," *i.e.*, not sufficient to demonstrate a severe psychological impairment. The ALJ found that the "claimant's medically determinable impairments of depression and anxiety...[both] singly and in combination...[do] not cause more than minimal limitation...and are therefore nonsevere." R. 14. This conclusion means that the ALJ determined that medical and other evidence of psychological impairments established "only a slight abnormality or combination of slight abnormalities that would have no more than a minimal effect on an individual's ability to work." R. 18; 20 C.F.R. §§ 404.1521, 416.921. After review of the record and the ALJ's decision, this Court finds substantial evidence both to support the ALJ's conclusion that Morris's psychological impairments were nonsevere and to support the ALJ's decision not to order a consultative psychological examination.

The vast majority of references to psychological impairments in the record indicate that all of the psychological impairments Morris suffers from are limited in scope and effect. Certainly, the record demonstrates that, on the one hand, Morris has reported or exhibited some

psychological impairments at different times: he couldn't "think clearly" (R. 383); "seemed disoriented on occasion" (R. 102); was "not right since" his hospitalization (R. 28); he was "somewhat anxious and easily irritated/agitated" (R. 285); or that he needed Valium prior to an MRI. R. 312. On the other hand, the record indicates, just as clearly, that every doctor who evaluated him did not discover or suspect severe psychological impairments: he was described as alert, oriented, with normal cognition and memory, and an appropriate mood (R. 281); although possessing poor judgment and insight, his memory was intact, and oriented to time, place, and person (R. 362); he was oriented, with a normal affect, and appropriate responses to questions. R. 384. Three separate state experts concurred, each assessing Morris as having nonsevere mental impairments. R. 14. When the record contains conflicting evidence, it is the duty of the ALJ to resolve any inconsistencies between a claimant's alleged symptoms and his ability to work. See Smith v. Carter, 99 F.3d 635, 638 (4th Cir. 1996). And in light of the conflicting medical record laid out above, this Court concurs with the ALJ: the inconsistencies do not indicate the need for more investigation, they indicate there are no severe impairments which need investigating. Certainly there is sufficient evidence to support the ALJ's decision.

Besides these limited conflicting reports, there is a paucity of indicia of mental impairment which, itself, further supports the conclusion that Morris suffers from no severe mental impairments. He has never sought mental health treatment, he has never been hospitalized for any mental impairment, he failed to complain to Dr. Matsangou of any mental impairment (R. 321-24) or to Doctor Foreman (R. 360-63); and failed to claim he was limited in memory or concentration in a function report he filled out in his application for disability benefits. R. 130. Only once did a treating physician suggest further evaluation, and this suggestion was not made as part of a treatment regime but rather in the context of a *Medical*

*Evaluation* form for the Department of Social Services. R. 279. Moreover, the significance of this suggestion (which was indicated merely by the checking of a box) is minimized by the written reports from the same physician which describe his mental status as "alert and oriented X3, normal cognition and memory." R. 285. This same physician opined that Morris was capable of a light work regimen. The subjective complaints by Morris cannot take precedence over objective medical evidence or a lack thereof. Craig v. Chater, 76 F.3d 585, 592 (4th Cir. 1996). There is no evidence that Morris suffers from a *severe* mental impairment. And this Court agrees with the Magistrate Judge that "the lack of evidence establishing mental impairment does not equate to ambiguity in the record warranting a consultative evaluation." R&R, Pg. 15. Accordingly, the Court concludes that the ALJ's decision was supported by substantial evidence, and, therefore, must be affirmed.

### III. Conclusion

For the reasons stated above, the Court will **OVERRULE** Morris's objections, and **ADOPT** the Magistrate Judge's Report & Recommendation. The Commissioner's motion for summary judgment will be **GRANTED** and Morris's motion for summary judgment **DENIED**. An appropriate order shall issue this day.

The Clerk is directed to send copies of this memorandum opinion and the accompanying final order to counsel of record for both parties.

ENTER: This 5th day of March, 2010

*James C. Turk*
Senior United States District Judge